THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JESUS VALENCIA-REVUELTA,<br><br>        Defendant. | No. CR08-5603Z<br><br>ORDER |

  This matter comes before the Court on Defendant Jesus Valencia-Revuelta's Motion for a New Trial (docket no. 114). Valencia-Revuelta was convicted in February 2009 of possession of marijuana with the intent to distribute (in violation of 21 U.S.C. § 841(a), (b)(1)(D)) and 18 U.S.C. § 2 and alien in possession of a firearm (in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2)). The jury acquitted Valencia-Revuelta of a third charge, possession of a firearm in furtherance of a narcotics trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)). See docket no. 111. Valencia-Revuelta now seeks a new trial based on the Court's failure to instruct the jury on the meaning of the word "intent." For the reasons below, the Court DENIES his Motion.

ORDER - 1

## I. Background

Valencia-Revuelta's trial began on February 9, 2009. The Court issued jury instructions on February 11; neither party raised any objections to the absence of an "intent" instruction. See Minute Entry, docket no. 106. The jury began deliberating that afternoon. The next morning, the jury sent an inquiry to the Court asking for a clarification. "We are hung up on the meaning of the word INTENT, found in Jury Instruction 17. Can you define 'intent' or clarify what it takes to prove 'intent'?" Docket no. 109.

Instruction No. 17 related to constructive possession, which was relevant to all three charges. It stated:

> A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and *intention* to control it. More than one person can be in possession of something if each knows of its presence and has the power and *intention* to control it.

Docket no. 108 (emphasis added).

Outside the presence of the jury, the Court heard arguments from the parties on how (or whether) to further define intent. Valencia-Revuelta proposed that the Court utilize Washington Pattern Instruction (Criminal) ("WIPC") 10.01, which states, "A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result that constitutes a crime." The Government, on the other hand, argued that the jury should be instructed that intent should be given its ordinary and common meaning.

After the Court indicated that it preferred the "ordinary meaning" instruction, and would not use the WIPC instruction, Valencia-Revuelta's attorney objected as follows:

> The reason I object to that, Your Honor, is because that in and of itself is an instruction. And if we're going to do anything, I think we should simply inform the jury you have been given the instructions of law in this case, you need to refer to them in order to come to your determination, a generalizing admonition to them. Because what we're doing now is we are giving an instruction even with that limited language, so I would object to that.

The Court then answered the jury question as follows: "The Court will not further define the word 'intention.' Please refer to the instructions as provided to you."

## II.     Discussion

The Court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). Consideration of a motion for a new trial is committed to the sound discretion of the district court. <u>United States v. Parker,</u> 903 F.2d 91, 103 (2d Cir. 1990); <u>see also United States v. George,</u> 960 F.2d 97, 101 (9th Cir. 1992) (noting that appellate court reviews denials of motions for new trial using abuse of discretion standard). An error that would require reversal on appeal is sufficient grounds for granting a new trial. <u>United States v. Wall,</u> 389 F.3d 457, 474 (5th Cir. 2004) (quoting 3 C. Wright, Fed. Practice and Procedure § 556 (3d ed.)). Improper jury instructions are an error that could merit a new trial. <u>Id.</u> at 474 n.13 (citing Wright, § 556). The Court views the instructions as a whole to determine

whether they are misleading or inadequate to guide the jury's deliberation. United States v. Moore, 109 F.3d 1456, 1465 (9th Cir. 1997) (en banc).

Viewing the instructions as a whole, the Court finds that the absence of an intent definition did not render the instructions misleading or inadequate, and a new trial is not appropriate. A defendant is entitled to a jury instruction that accurately reflects the law, but he is not entitled to his choice of wording. United States v. Warren, 25 F.3d 890, 895 (9th Cir. 1995). "Intent" is not a legal term of art, but rather a general word fully within the realm of a jury's comprehension. Cf. United States v. Chambers, 918 F.2d 1455, 1460 (9th Cir. 1990)(noting, as plain – error review, that "knowing" was "a common word . . . which the average juror could apply to the facts of this case without difficulty").

Valencia-Revuelta finally argues that the non-definition of intent constitutes a failure to instruct the jury on his theory of the case, making the error reversible per se. See, e.g., United States v. Escobar de Bright, 742 F.2d 1196, 1201 (9th Cir. 1984). The Court disagrees. Valencia-Revuelta's theory of the case is that the Government failed to prove each element of its case, and the definition of "intention" was relevant to each of the three charges. However, the jury was sufficiently informed on the fact that intention was a necessary component of constructive possession, as indicated in Instruction No. 17.

///

///

**III. Conclusion**

For the reasons stated in this Order, the Court DENIES the Motion.

IT IS SO ORDERED.

DATED this 23rd day of March, 2009.

                                        Thomas S. Zilly
                                        United States District Judge